1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

LANCE McDERMOTT,

5

Plaintiff(s),

6

v.

7

UNITED STATES POSTAL SERVICE,

8

Defendant(s).

NO. C06-1335P

ORDER ON MOTIONS TO:
  1.  DISMISS (FRCP 12(b))
  2.  AMEND (FRCP 15(a))

9

10
        Plaintiff filed an "Appeal for the Review of a Final Agency Action" seeking a judicial

11
determination of whether Defendant United States Postal Service ("USPS") has violated their

12
administrative regulations relating to nepotism, sexual harassment, promotion procedures and

13
improper gifts at the Seattle office where Plaintiff is employed.

14
        Defendants seek dismissal of Plaintiff's complaint.  Defendant claims that Mr. McDermott has

15
no standing (having alleged no personal injury or threat of injury) and that there is no subject matter

16
jurisdiction.   Plaintiff seeks to amend his complaint to add allegations of discrimination based on (a)

17
his receipt of a "Grinch" award from his co-workers and (b) his failure to receive a promotion.

18
        After review of all pleadings, exhibits and declarations, the Court rules as follows:

19
        IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED, and Plaintiff's

20
complaint is DISMISSED for failure to state a claim upon which relief can be granted (pursuant to

21
FRCP 12(b)(6)) and also for lack of subject matter jurisdiction (FRCP 12(b)(1)).

22
        IT IS FURTHER ORDERED that Plaintiff's motion to amend his complaint is DENIED.

23

24

25

26
**ORD ON MTNS TO
DISMISS & AMEND - 1**

**BACKGROUND**

1

2        In June 2006, Plaintiff sent a letter to Defendant USPS outlining multiple instances of behavior

3   and actions within U.S. Postal Service in Seattle.   He alleged violations of agency regulations.  The

4   agency responded by letter in August 2006 and, point by point, refuted Plaintiff's claims.

5        In September 2006, Plaintiff filed this complaint (Dkt. No. 1).  Plaintiff made no claim of any

6   injury or threat of damage to himself as the result of the actions he alleges in his complaint or June

7   2006 letter.  In January 2007, Plaintiff filed a "Motion to Amend Pleading" asking to include

8   allegations that his receipt of a "Grinch" award from his co-workers and his failure to receive a

9   promotion constitute discrimination against himself.  These new allegations are currently the subject of

10  an ongoing EEOC investigation.

11

12                                    **ANALYSIS**

13  Failure to state a claim: Lack of standing

14       A plaintiff filing a federal lawsuit must allege an actual or threatened injury from some

15  improper action in order for a federal court to assume jurisdiction over the case. Owen v. Mulligan,

16  640 F.2d 1130, 1132 (9th Cir. 1981); Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973).  Standing is

17  "an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v.

18  Defendantenders of Wildlife, 504 U.S. 555, 560 (1992). The burden is on Plaintiff to demonstrate an

19  injury that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or

20  hypothetical." Id. (internal citations omitted).

21       Nothing in Plaintiff's original complaint demonstrates anything other than the most generalized

22  harm to himself from the claimed activity.  He does note (in a later-filed "Brief – Appeal for the

23  Review" (Dkt. No. 5), not the Complaint) that "Petitioner has been aggrieved by false statements

24  written by Postal Service Officials that may have violated Title 18 Section 1018 Official Writings."

25

26  **ORD ON MTNS TO**
    **DISMISS & AMEND - 2**

1   Id., p. 4. But he never elaborates on the nature of the false statements or the nature of his injury.

2   Furthermore, his Title 18 allegations cite to federal criminal statutes, for which there is no

3   corresponding civil remedy.

4          Plaintiff's response to the argument that he has failed to allege any injury to himself is

5   inconsistent. At one point he notes that "[a]ll the grievances I filed were on behalf of other

6   employees." Plaintiff's Reply, p. 3. Elsewhere he claims that "[t]he documented exhibits clearly show

7   that other employees and I have been wronged, aggrieved and adversely affected" (Id. at p. 5), but

8   again he cites to no evidence of specific injury to himself. Plaintiff filed his Motion to Amend in an

9   attempt to remedy his lack of standing, but (as discussed below) that motion is denied. Plaintiff has

10  failed to state a claim upon which relief can be granted.

11  Lack of subject matter jurisdiction

12         Plaintiff alleges a variety of violations under the Postal Reorganization Act ("PRA"), 39 U.S.C.

13  §§ 101, *et seq.* The language of the PRA operates to exclude from the broad grant of federal subject

14  matter jurisdiction the grievance claims of U.S. Postal Service workers, limiting them instead to the

15  remedies under their Collective Bargaining Agreement ("CBA"). The PRA authorizes the Postal

16  Service to create internal policies and procedures – up to and including binding arbitration –  to settle

17  administrative disputes (39 U.S.C. § 1206(b)) and grants the National Labor Relations Board

18  ("NLRB") the authority to supervise the bargaining units within the Postal Service. 39 U.S.C. §§

19  1202-1203.

20         There are some instances in which suits against the Postal Service are authorized – e.g.,

21  actions brought by the NLRB, actions alleging contract violations between the unions and the Postal

22  Service and actions by the unions on behalf of their members. 39 U.S.C. § 1208(a).[1] Outside of any

23

24      [1] Plaintiff points out that the USPS may also be sued under the Privacy and Freedom of Information Acts,
    and for unlawful discrimination.

25

26  **ORD ON MTNS TO**
    **DISMISS & AMEND - 3**

1   statutory exceptions (none of which are cited by Plaintiff), the PRA restricts postal workers to the

2   CBA grievance procedures.  39 U.S.C. §§ 1206 and 1209.  Plaintiff's claims do not arise under any of

3   the exceptions – the statute he cites in his complaint as conferring jurisdiction (3 U.S.C. §

4   401(a)(4)(A)) concerns the "Extension of Certain Rights and Protections to Presidential Offices" and

5   has nothing to do with Postal Service employees.

6          Plaintiff also attempts to establish jurisdiction by citing to a provision in Pub. L. 91-375

7   (containing the PRA) which states

8          [a]ll orders, determinations, rules, regulations, permits, contracts, certificates,
           licenses and privileges (1) which have been issued. . . by. . . (i) any court of
9          competent jurisdiction and (2) which are in effect at the time the United
           States Postal Service commences operations, shall continue in effect until          modified.
10         . .by the Postal Service. . . by any court of competent jurisdiction,          or by
           operation of law.

11  Plaintiff appears to believe that the phrase "any court of competent jurisdiction" somehow confers

12  subject matter jurisdiction over the PRA to this court.  It does not.

13         Plaintiff cites no case law in support of his position that subject matter jurisdiction exists over

14  his claims.  In fact, the case law is to the contrary.  Unless otherwise mandated by statute, Postal

15  Service actions are not reviewable as violations of federal law.  Harper v. Frank, 985 F.2d 285, 289

16  (6th Cir.  1993); Pitney Bowes, Inc. v. U.S. Postal Service, 27 F.Supp.2d 15, 20 (D.C.Cir. 1998).

17  One of those exceptions are "adverse actions" (Pub.L. 95-454, 92 Stat. 1111 *et seq*., codified as

18  amended in scattered sections of 5 U.S.C and incorporated into the PRA in 39 U.S.C. § 410), which

19  are defined as "removal, suspension, reduction in pay or grade or furlough," none of which Plaintiff

20  has alleged.

21         Since the PRA contains no express grant of a private right of action, the Court must look to

22  the four-part test enunciated in Cort v. Ash, 422, U.S. 66, 78 (1975) to determine if such a right can

23  be implied.  The test requires the examining court to answer four questions:

24         1.     Does the statute create a federal right on behalf of the plaintiff?

25

26  **ORD ON MTNS TO**
    **DISMISS & AMEND - 4**

1          2.          Is there any indication of a legislative intent to create or deny a remedy?

2          3.          Is it consistent with the legislative purpose to imply a remedy for plaintiff?

3          4.          Is the implied cause of action one traditionally relegated to state law?

4    See Currier v. Potter, 379 F.3d 716, 726 (9th Cir. 2004); Stupy v. U.S. Postal Service, 951 F.2d 1079,

5    1081 (9th Cir. 1991).  As the Stupy court points out, "legislative intent" is the dispositive issue, since it

6    is unnecessary to examine the other elements if the legislature did not intend to create a private right of

7    action.  Id.  That same court held that there is no private right of action.  Id. at 1082.  Plaintiff has

8    cited to no legislative history or other indication of intent to create a private cause of action.

9          Plaintiff cites to a variety of non-PRA statutes and regulations to argue that "Federal Employee

10   Law" applies to this case.  His citations to provisions of Title 5, §§ 2301 and 2302 of the U.S.C.A.

11   (Complaint, "Discussion" ¶¶ 1, 4 and 5) do not apply to the U.S.P.S.; his citations to Title 18 of the

12   U.S.C.A.  (Id., ¶¶ 11, 13) are to criminal statutes which do apply to the U.S.P.S. but provide no civil

13   remedy.

14         The remainder of Plaintiff's citations *appear* to be to the Code of Federal Regulations ("CFR")

15   and concern allegations that the U.S.P.S. did not adhere to its own regulations.  Plaintiff contends that

16   his request for the Court to review the C.F.R. allegations does not concern "employment relations"

17   (i.e., wages, hours and conditions of employment).  Claims that regulations forbidding nepotism,

18   additional payment for job-related activities, etc. were not followed are employment issues.  Such

19   allegations are covered under the PRA and Plaintiff must seek his remedies through the CBA or other

20   administrative recourse.  This includes his complaints regarding non-union personnel.  Labor-

21   management relations are exactly the circumstances which CBA's are intended to regulate.  Although

22   some aspects of internal Postal Service policy are specifically designated as "non-grievable" – see the

23   "employee suggestion rewards program" which was the subject of Kroll v. United States and U.S.

24

25

26   **ORD ON MTNS TO
     DISMISS & AMEND - 5**

1   Postal Service, 832 F.Supp. 199 (E.D.Mich. 1993) – it does not remove them from the CBA and

2   permit Plaintiff to seek judicial review. Id., at 203.

3       Plaintiff has failed to demonstrate any exemptions permitting judicial review of the internal

4   actions of the Postal Service, or that a private cause of action exists.  This court has no subject matter

5   jurisdiction and Defendant is entitled to dismissal pursuant to FRCP 12(b)(1).

6   Motion to amend

7       FRCP 15(a) provides that leave to amend "shall be freely given when justice so requires," but

8   the liberality is not unlimited; the Court has discretion to deny such a request where amendment would

9   cause undue prejudice to the Defendant or is either futile or sought in bad faith.  DCD Programs, Ltd.

10  v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

11      Plaintiff seeks to add allegations that a "Grinch" award he received from his co-workers and

12  his denial of a promotion were "discriminatory in nature."  Mtn to Amend, p. 1.  His proposed

13  amendments are completely unrelated to anything in his initial complaint, and a review of the

14  documents suggests that his EEOC complaint regarding this alleged discrimination is still under

15  investigation.

16      The Court denies Plaintiff's request to amend his complaint.  His "amended" claims have

17  nothing to do with his allegations in the original complaint and are still under administrative

18  investigation, and the Court finds them futile.

19

20

21

22                                   **CONCLUSION**

23

24

25

26  **ORD ON MTNS TO
    DISMISS & AMEND - 6**

1    Plaintiff lacks standing to file this complaint and the Court lacks subject matter jurisdiction to

2  hear his claims, and therefore his complaint will be dismissed.  Plaintiff's motion to amend his

3  complaint is futile.  The request will be denied.

4

5    The clerk is directed to provide copies of this order to all counsel of record.

6    Dated:  March _12__, 2007

7

8    _____
    Marsha J. Pechman

9    U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  **ORD ON MTNS TO**
    **DISMISS & AMEND - 7**